UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS E. PEREZ, Secretary of Labor,** United States Department of Labor<br><br>**Plaintiff,**<br><br>v.<br><br>**AMERICA HEALTH CARE, INC. 401(k) PLAN**<br><br>**Defendant.** | Civ. No. 2:15-0377 (WJM)<br><br>**OPINION** |

    Plaintiff Thomas E. Perez, the Secretary of Labor, (the "Secretary") filed this action against America Health Care, Inc. 401(k) Plan (the "Plan"), alleging that the Defendant breached its duties as a fiduciary of an employee benefit plan, as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Secretary moves this Court to enter default judgment and appoint an independent fiduciary in order to terminate the Plan and distribute its assets to its beneficiaries. For the reasons below, the Secretary's motion for default judgment is **GRANTED**.

I.    **BACKGROUND**

    The America Health Care, Inc. 401(k) Plan was established in 2008 to provide retirement benefits to the employees of America Health Care, Inc. (the "Company"). (Plaintiff's Complaint ¶ 6, ECF No. 1.) Lincoln Taylor and Jolayemi Oladimeji were co-owners of the Company and served as trustees of the Plan. (*Id.* ¶ 7.) The Plan, which as of April 16, 2014, held $93,523.22 in assets, is an employee benefit plan as defined by ERISA. (*Id.* ¶ 15.) The Company closed down in 2009, and, since then, the Trustees have ceased to perform their functions as fiduciaries and the Plan has not been terminated. (*Id.* ¶¶ 10, 13.) On January 20, 2015, the Secretary filed the instant action alleging ERISA violations and requesting that this Court remove the Company from its position as fiduciary and appoint an independent fiduciary to terminate the Plan and distribute its assets.

As denoted in the Return of Service, ECF No. 3, service was made via certified mail on February 2, 2015, on the New Jersey Department of Treasury, the Company's statutory agent for service of process. *See* N.J.S.A. 2A:15-30.1; N.J.S.A. 14A:4-5. The Clerk entered default on July 21, 2015. The Secretary now seeks default judgment against the Defendant.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry and grant of default judgment. The mere fact of default does not entitle Plaintiff to judgment. To enter default judgment, the court must first determine whether a sufficient cause of action has been stated. *See Chanel, Inc. v. Gordashevsky*, 558 F.Supp. 2d 532, 535-36 (D.N.J. 2008). A court must treat the factual allegations in the complaint as true. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir.2005). Once a cause of action has been established, the court must make explicit factual findings as to three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Jose Hand Promotions, Inc. v. Waldron*, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

## III. DISCUSSION

Taking as true the factual allegations in the Complaint, all of the factors set forth above are satisfied in this case. Under ERISA, plan fiduciaries must act solely in the interest of the plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1). The facts establish that the Company was the Plan's fiduciary and that Mr. Taylor and Mr. Oladimeji, the last known trustees, have failed to actively administer the Plan as required by ERISA. Moreover, where a defendant has failed to answer, move, or otherwise respond, the defendant is presumed culpable. *See GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010). Lastly, the Secretary (and the eight Plan participants) will suffer prejudice if judgment is not entered in his favor.

While the Court may grant default judgment, the Court must determine whether ERISA authorizes the removal of the Company as fiduciary and the appointment of an independent fiduciary. ERISA authorizes the Secretary to bring an action "to enjoin any act or practice which violates any provision of this subchapter." 29 U.S.C. § 1132(a)(5). ERISA also states that if a fiduciary is found

to have breached her duties, she "shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109(a).

However, ERISA does not expressly grant district courts the authority to appoint new fiduciaries to replace inactive or unavailable ones. The Supreme Court has stated that, with respect to ERISA, "rather than explicitly enumerating all of the powers and duties of trustees and other fiduciaries, Congress invoked the common law of trusts to define the general scope of their authority and responsibility." *Cent. States Pension Fund v. Cent. Transp.*, 472 U.S. 559, 570 (1985). The Second Restatement of Trusts notes that when "there is no trustee or if the trustee or one of several trustees ceases for any reason to be a trustee, a new trustee can be appointed by a proper court . . . ." *Restatement Second of Trusts*, § 108 at 238 (1959). Consequently, in similar actions brought by the Department of Labor, courts have appointed an independent fiduciary to serve in the place of the absentee fiduciary. *See, e.g., Perez v. Railpower Hybrid Technologies Corp.*, No. 2:13-CV-134, 2013 WL 6048984, at *2 (W.D. Pa. Nov. 15, 2013); *Harris v. Windswept Envtl. 401(k) Plan*, No. 12-CV-6179, 2013 WL 5537024, at *1 (E.D.N.Y. Oct. 7, 2013); *Chao v. Employee Res. Mgmt., Inc.*, No. 06-12503, 2007 WL 4245390, at *2 (E.D. Mich. Nov. 29, 2007). Accordingly, the Court finds that Plaintiff has met the criteria of Federal Rule of Civil Procedure 55(b) and grants the relief sought by the Secretary in this case.

## IV.   CONCLUSION

For the above reasons, Plaintiff's motion for default judgment is **GRANTED**. An appropriate order follows.

                                                        /s/ William J. Martini
                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 25, 2015**